**UNITED STATES of America for the use of T. Wray GREER, Trustee in Bankruptcy of the Estate of William C. D'Alessandro, Plaintiff,**

**v.**

**G. P. FLEETWOOD AND COMPANY, Inc., and American Casualty Company of Reading, Pennsylvania, Defendants.**

Civ. A. No. 16179.

United States District Court
W. D. Pennsylvania.

Sept. 30, 1958.

Harry R. Levy, Pittsburgh, Pa., for bankrupt.

Wilner, Wilner & Kuhn, Pittsburgh, Pa., for Fleetwood.

James M. McCandless, Pittsburgh, Pa., for American Cas. Co.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for Continental Cas. Co.

GOURLEY, Chief Judge.

This is a petition on the part of Continental Casualty Company for leave to intervene as plaintiff.

The original parties to the action stipulate and agree that the defendants owe to the plaintiff the amount of $3,069.87. By order of September 3, 1958 and with the consent and stipulation of all the parties, including the instant petitioner, the court approved the payment of said amount into the registry of the court, and exonerated and released the defendants of all liability.

In order to evaluate the legal question posed by the petition to intervene, it is necessary to make reference to the facts in some detail.

Fleetwood entered into a contract to construct a water system and surface draining site for the government, and executed a performance bond with the American Casualty Company as surety. Fleetwood executed a written subcontract with D'Alessandro, the Bankrupt. and the Bankrupt executed a perform-

ance bond in favor of Fleetwood with the Continental Casualty Company as surety. D'Alessandro, the Bankrupt, entered into an oral contract with John Benkart & Sons to perform part of the work pursuant to its subcontract. By reason of financial involvments the Bankrupt was unable to complete its contract with Fleetwood and did not make payment to John Benkart & Sons for services rendered to the Bankrupt. In view of the inability of the Bankrupt to complete its contract with Fleetwood, Fleetwood performed the remaining obligation to the government and after deducting the cost thereof, there remained due and owing by Fleetwood to the Bankrupt the amount of $3,069.87.

The chronology of events affecting D'Alessandro, after his inability to perform the subcontract with Fleetwood, was as follows:

| | |
|---|---|
| Adjudicated a Bankrupt | — February 6, 1957 |
| Receiver Appointed | — February 20, 1957 |
| Attorney for Receiver Appointed | — March 5, 1957 |
| First Creditors' Meeting | — March 13, 1957 |
| Trustee Appointed | — March 13, 1957 |
| Attorney for Trustee Appointed | — March 13, 1957 |

On August 9, 1957, counsel for the Trustee filed action in the County Court of Allegheny County, Pennsylvania, on behalf of John Benkart & Sons against Continental Casualty Company and the Trustee in Bankruptcy. Service was never made on the Trustee in Bankruptcy and after hearing in the County Court on March 11, 1958, judgment was entered in favor of John Benkart & Sons and against the Continental Casualty Company in the amount of $1351.66, which judgment was paid by Continental Casualty Company on March 31, 1958.

The contract entered into between Fleetwood and the Bankrupt was dated November 15, 1956, and an application for Contract Bid Bond was executed by the Bankrupt in favor of the Continental Casualty Company on the same date, on which basis a performance bond was executed by the Continental Casualty Company as surety for the Bankrupt in favor of Fleetwood.

The petitioner's claim for leave to intervene is predicated on the legal thesis that in its application for performance bond the Bankrupt warranted and represented, as an inducement to the Casualty Company to execute the bond in favor of Fleetwood, that in the event of failure to perform the contract or due to any fault on the part of the Bankrupt, all moneys paid by the surety to any person based on said performance bond shall be due and owing for assignment and transfer by the Bankrupt to the surety. The terms and provisions of the application for performance bond upon which the petitioner for leave to intervene premises its request are designated as Item Fourth.[1]

1. "Fourth, to assign, transfer, and set over and does or do hereby assign, transfer and set over to the Company, as collateral, to secure the obligations herein and any other indebtedness and liabilities of the undersigned to the Company, whether heretofore or hereafter incurred, such assignment to become effective as of the date of said contract bond but only in event of

(1) any abandonment, forfeiture or breach of said contract or of any breach of said bond or bonds, or any of them, or of any other bond or bonds executed or procured by the Company on behalf of the undersigned; or

In short, the petitioner for leave to intervene contends that since it was required to pay the judgment in favor of the subcontractor of the Bankrupt, under the provisions of the application of the Bankrupt for the issuance of the surety bond, the Surety Company is entitled to be reimbursed out of the fund now in the registry of the court which was owed by Fleetwood to the Trustee in Bankruptcy. If this is done, petitioner would be preferred in the payment of the claim over the general creditors, and any lien creditors of the Bankrupt Estate.

It is not in dispute that Pennsylvania law governs the proceeding. In re Duncan & Sons, 3 Cir., 127 F.2d 640; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The difficulty is to fit the facts at bar into the patterns of the decisions and law of Pennsylvania.

Since the construction contract between D'Alessandro and Fleetwood contained no provision entitling Fleetwood to withhold funds owing to D'Alessandro for the payment of materialmen, and the assignment to Continental Casualty Company in the application for performance bond was executed within four months of bankruptcy, it is my judgment that the granting of petitioner's claim for relief would place the Surety Company in a position of a preferential creditor. Du-Bois v. U. S. Fidelity & Guaranty Co., 341 Pa. 85, 18 A.2d 802.

Furthermore, the instrument which contains the assignment is governed by the Pennsylvania Uniform Commercial Code which provides, inter alia, that a security agreement is invalid as a secured transaction against a trustee in bankruptcy unless the same has been perfected under the requirements of a secured transaction.

The Code clearly defines a "contract right" as a right to payment under contract not yet earned by performance. 12A Penna.P.S. Section 9–106. I so construe the instant security agreement. That an unperfected security agreement is invalid against a lien creditor which includes a trustee in bankruptcy from the date of filing said petition. 12A Penna.P.S. Section 9–301(3). The perfecting of such security agreement must be accomplished by appropriate recording. 12A Penna.P.S. Sections 9–302 and 9–403.

Since it is not disputed that the instrument involved was not filed of record as provided by Pennsylvania law, I am compelled to conclude that the assignment contained therein gives the assignee no right as a lien holder against the Trustee in Bankruptcy, having failed to comply with the provisions of the Pennsylvania Uniform Commercial Code.

Petitioner, therefore, must be relegated to the stature of a general creditor. I shall direct that the Continental Casualty Company be substituted as a general creditor in place of John Benkart & Sons, without formality of filing an official claim under provision of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.

(2) of any breach of the agreements herein contained; or

(3) of a default in discharging such other indebtedness or liabilities when due; or

(4) of any assignment by the undersigned for the benefit of creditors, or of the appointment or of any application for the appointment, of a receiver or trustee for the undersigned, whether insolvent or not; or

(5) of any proceeding which deprives the undersigned of the use of any of the machinery, equipment, plant, tools or material referred to in the following paragraph; or

(6) of the undersigned's dying, absconding, becoming a fugitive from justice, or being convicted of a felony, if the undersigned be an individual:

(b) All the rights of the undersigned in, and growing in any manner out of, said contract, or any extensions, modifications, changes or alterations thereof or additions thereto, or in, or growing in any manner out of, said bond or bonds, or any of them;

(d) Any and all percentages retained on account of said contract, and any and all sums that may be due under said contract at the time of such abandonment, forfeiture or breach, or that thereafter may become due."

T. Wray Greer, Trustee in Bankruptcy of the Estate of William C. D'Alessandro, is entitled to the amount of $3,069.87 heretofore paid into the registry of this court by the defendants in said proceeding.

An appropriate Order is entered.